**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4572**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRYANT RENE NARCISSE,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:16-cr-00209-WO-1)

Submitted:  June 7, 2022                                    Decided:  July 20, 2022

Before KING and DIAZ, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** David Bruce Freedman, CRUMPLER, FREEDMAN, PARKER & WITT, Winston-Salem, North Carolina, for Appellant.  Sandra J. Hairston, Acting United States Attorney, Robert A.J. Lang, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Bryant Rene Narcisse of two counts of Hobbs Act robbery, in violation of 18 U.S.C. §§ 2, 1951(a), two counts of discharging a firearm during a crime of violence, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A), and two counts of possessing a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court sentenced Narcisse to 463 months' imprisonment, and Narcisse appeals. For the reasons that follow, we affirm.

Narcisse first claims that the district court erred in denying his Fed. R. Crim. P. 29 motion for a judgment of acquittal. We review a district court's denial of a motion for a judgment of acquittal based on the sufficiency of the evidence de novo. *United States v. Farrell*, 921 F.3d 116, 136 (4th Cir. 2019). "A jury's guilty verdict must be upheld if, viewing the evidence in the light most favorable to the government, substantial evidence supports it." *United States v. Haas*, 986 F.3d 467, 477 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 142 S. Ct. 292 (2021). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id.* (alterations and internal quotation marks omitted). The relevant question is, therefore, "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Musacchio v. United States*, 577 U.S. 237, 243 (2016) (internal quotation marks omitted).

Furthermore, in determining whether substantial evidence supports a conviction, "we are not entitled to assess witness credibility," *United States v. Savage*, 885 F.3d 212,

2

219 (4th Cir. 2018) (internal quotation marks omitted), as it is the province of the "jury, not the reviewing court, [to] weigh[] the credibility of the evidence and resolve[] any conflicts in the evidence presented," *United States v. Ath*, 951 F.3d 179, 185 (4th Cir. 2020) (internal quotation marks omitted). We must also "draw[] all reasonable inferences from the facts" in "the light most favorable to the prosecution." *United States v. Denton*, 944 F.3d 170, 179 (4th Cir. 2019) (internal quotation marks omitted). Accordingly, "[a] defendant who brings a sufficiency challenge bears a heavy burden, as appellate reversal on grounds of insufficient evidence is confined to cases where the prosecution's failure is clear." *Savage*, 885 F.3d at 219 (internal quotation marks omitted).

Here, witness testimony established that Narcisse, a convicted felon, discharged a rifle while perpetrating two robberies. While Narcisse claims that the witnesses were unreliable, the jury was entitled to credit their testimony. Given the witnesses' testimony, there was sufficient evidence from which a reasonable trier of fact could conclude that Narcisse had committed Hobbs Act robbery, discharged a firearm in furtherance of a crime of violence, and possessed a firearm as a convicted felon. *See* 18 U.S.C. §§ 922(g), 924(c), 1951(a) (setting forth elements of offenses); *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019) (holding that, in prosecution under § 922(g), government must prove defendant knew of his status as a felon); *see also Greer v. United States*, 141 S. Ct. 2090, 2095 (2021) (noting "individuals who are convicted felons ordinarily know that they are convicted felons"). Accordingly, we conclude that the district court did not err in denying Narcisse's motion for a judgment of acquittal.

3

Narcisse next challenges the district court's jury instructions. He does not dispute that the instructions correctly stated the controlling law; rather, he contends that the district court's inclusion of aiding and abetting instructions prejudiced his defense. Generally, we review a district court's decision to give a particular jury instruction for abuse of discretion. *United States v. Miltier*, 882 F.3d 81, 89 (4th Cir. 2018). However, because Narcisse did not object to the jury instructions below, we review the instructions for plain error. *United States v. Cowden*, 882 F.3d 464, 475 (4th Cir. 2018). To establish plain error, Narcisse must demonstrate (1) an error (2) that is plain and (3) that "affected [his] substantial rights." *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904-05 (2018) (internal quotation marks omitted).

The evidence adduced at trial established that Narcisse obtained a rifle from another individual, that the rifle was later discharged in two robberies, and that Narcisse and other felons were present at those robberies. Accordingly, even if the jury was unconvinced that Narcisse had personally taken money from the robbed businesses or fired or possessed the rifle, the jury could find that Narcisse had aided and abetted the offenses. *See United States v. Burgos*, 94 F.3d 849, 873 (4th Cir. 1996) (noting that "[a] defendant is "guilty of aiding and abetting if he has knowingly associated himself with and participated in the criminal venture") (internal quotation marks omitted)). Thus, because there was an "evidentiary basis" to support the aiding and abetting instructions, "the court acted within its discretion" in giving those instructions. *United States v. Moye*, 454 F.3d 390, 398 (4th Cir. 2006). We therefore conclude that the district court did not err, let alone plainly err, in giving the jury aiding and abetting instructions.

4

Narcisse further asserts that his § 924(c) convictions lack valid predicate crimes of violence and must be vacated.  While the Supreme Court invalidated the residual clause of § 924(c)'s definition of "crime of violence" in *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), we have held that Hobbs Act robbery qualifies as a crime of violence under § 924(c)'s still-constitutional force clause, *United States v. Mathis*, 932 F.3d 242, 265-66 (4th Cir. 2019).  Accordingly, Narcisse's § 924(c) convictions, predicated upon Hobbs Act robbery, remain valid.[*]

Finally, Narcisse argues that because he was convicted of the two § 924(c) counts in the same proceeding, the district court should not have imposed a consecutive, 25-year term of imprisonment on the second count.  At the time of Narcisse's sentencing, "a [§ 924(c)] conviction was treated as second or subsequent, triggering the 25-year mandatory minimum sentence, even if the first § 924(c) conviction was obtained in the same case." *United States v. McCoy*, 981 F.3d 271, 275 (4th Cir. 2020) (internal quotation marks omitted).  Although the First Step Act of 2018 ("Act"), Pub. L. No. 115-391, 132 Stat. 5194, amended § 924(c) to provide that "the 25-year mandatory minimum [for a second or subsequent offense] applies only when a prior § 924(c) conviction arises from a separate case and already has become final," *id.* (internal quotation marks omitted), that amendment does not apply to defendants, like Narcisse, who were sentenced before the

---

[*] The jury's verdict does not make clear whether it convicted Narcisse as a principal or as an aider and abettor.  However, the particular theory of liability by which Narcisse was convicted is irrelevant, as "aiding and abetting a crime of violence is also categorically a crime of violence." *United States v. Ali*, 991 F.3d 561, 574 (4th Cir. 2021).

date of the Act's enactment, *United States v. Jordan*, 952 F.3d 160, 174 (4th Cir. 2020). We thus conclude that the district court properly sentenced Narcisse to 25 years' imprisonment on the second § 924(c) offense.

We therefore affirm Narcisse's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*